UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA FIGUEROA

    Plaintiff,

v.                                            CASE NO. 8:25-cv-02726-SDM-AEP

WISE US INC., et al,

    Defendants.
_____/

## ORDER

### BACKGROUND

Appearing *pro se*, Maria Figueroa sues (Doc. 1) Wise US Inc. and Wise PLC. The defendants move (Doc. 5) to dismiss.

Figueroa, "a minority female with a disability," worked for Wise. (Doc. 1-2 at ¶ 24) Figueroa accepted a promotion to the position of CDD Area Lead "at an annual salary of $70,000 and additional compensation in the form of Restricted Stock Units valued at £9,000. (Doc. 1-2 ¶ 8) Although her "actual paid salary" was $70,000, she did not receive the promised restricted stock units. (Doc. 1-2 ¶¶ 10, 97)

In February 2023, Wise reassigned Figueroa to the position of "KYC Product Specialist." (Doc. 1-2 ¶ 11) That same month, Figueroa "verbally expressed interest" in a higher paying position posted on Wise's Tampa, Florida job board, but the posting was removed the following day. (Doc. 1-2 ¶ 12) Figueroa applied for an identical

position in Wise's New York office but was not considered for the role. (Doc. 1-2 ¶ 12)

After submitting a "written discrimination complaint" and initiating "the FMLA process" in May 2023, Figueroa was terminated by Wise on August 10, 2023, 87 days before Figueroa's "four-year employment anniversary" with Wise, on which day Figueroa was entitled to additional stock options, paid leave, and a stipend. (Doc. 1-2 ¶¶ 13-20) Wise conditioned Figueroa's continued health-insurance coverage on her execution of a severance agreement that required her to release all legal claims against the company.

Also, Figueroa alleges that "[d]espite performing work of comparable scope, complexity, and responsibility, [she] was consistently denied salary and RSU compensation to similarly situated peers, including Christa," who is "a white female no disabilities." (Doc. 1-2 ¶ 24)

Figueroa sues Wise US, Inc. at Wise PLC under twelve counts, and the defendants move to dismiss.

## DISCUSSION

### COUNT I: Breach of Contract

To state a claim for breach of contract under Florida law, a plaintiff must allege (1) a valid contract, (2) a material breach, and (3) damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).

Figueroa alleges that on September 3, 2021, Wise offered her the position of "CDD Area Lead" at a salary of $70,000 and with additional compensation in the form of Restricted Stock Units ("RSUs") valued at £9,000, and that she accepted and performed under that agreement. (Doc. 1-2 ¶¶ 8, 27–30.) She further alleges that Wise failed to issue the promised RSUs. These allegations adequately state a claim for breach of contract with respect to the RSUs.

However, Figueroa concedes that her "actual paid salary" was $70,000, the exact amount specified in the written offer. (Doc. 1-2 ¶ 97.) Yet Figueroa asserts that Wise "failed to honor the compensation terms" and seeks recovery of a "salary differential" based on an alleged market rate of $180,000. (Doc. 1-2 ¶¶ 10, 97–98.) These allegations contradict one another: Figueroa admits receiving the contractual salary while simultaneously asserting breach for failure to pay more than the contract required. The complaint therefore fails to state a breach-of-contract claim as to salary but plausibly alleges breach as to the unissued RSUs.

### COUNT II: Promissory Estoppel

"The doctrine of promissory estoppel comes into play where the requisites of contract are not met, yet the promise should be enforced to avoid injustice." *Doe v. Univision Television Group, Inc.,* 717 So.2d 63, 65 (Fla. 3d DCA 1998). In other words, promissory estoppel is unavailable when a written contract comprises the disputed promise. *Advanced Mktg. Sys. Corp. v. ZK Yacht Sales*, 830 So. 2d 924 (Fla. Dist. Ct.

App. 2002). Because she has alleged the existence of a contract, Figueroa cannot plead promissory estoppel.

### COUNT III: "Wage Violations"

Figueroa's "wage violations" claim cites no statute and fails to allege unpaid minimum or overtime wages required by the FLSA. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012).

### COUNT IV: Equal Pay Act and Title VII

The Equal Pay Act forbids paying unequal wages to employees of opposite sexes for equal work. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (1974); *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1526 (11th Cir. 1992). Figueroa's sole alleged comparator is another female employee; the EPA claim therefore fails. The complaint likewise fails to state a plausible Title VII pay-discrimination claim because it offers only conclusory assertions of disparate treatment without factual support connecting the alleged disparity to a protected characteristic.

### COUNT V: Disability Discrimination (ADA/FCRA)

A qualifying disability must "substantially limit . . . a major life activity." 42 U.S.C. § 12102(1); *EEOC v. STME, LLC*, 938 F.3d 1305, 1314 (11th Cir. 2019). Figueroa merely asserts that she has "a disability," without identifying any impairment, limitation, or causal connection to her termination.

### COUNT VI: Failure to Accommodate (ADA)

An ADA accommodation claim requires facts showing that the plaintiff requested a reasonable accommodation that was denied. The complaint contains no such facts and provides no description of any request or response.

### COUNT VII: FMLA Interference and Retaliation

An FMLA claim must be filed within two years unless the plaintiff pleads willfulness. 29 U.S.C. § 2617(c). Figueroa filed more than two years after her August 2023 termination and alleges no willful violation. She also fails to allege that she was denied any leave to which she was entitled. *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1235 (11th Cir. 2010).

### COUNT VIII: Retaliation (Title VII / ADA / FCRA)

Although Figueroa alleges that she complained of discrimination and was later terminated, the complaint offers only temporal proximity and no factual basis connecting any complaint to the adverse action. Absent factual allegations supporting causation or protected conduct within the meaning of the statutes, the claim is conclusory.

### COUNT IX: Wrongful Termination

Florida does not recognize a common-law cause of action for wrongful termination of an at-will employee. *Wiggins v. S. Mgmt. Corp.*, 629 So. 2d 1022 (Fla. 5th DCA 1993); *Smith v. Piezo Tech. & Prof'l Adm'rs*, 427 So. 2d 182 (Fla. 1983).

### COUNT X: Fraudulent Misrepresentation

Fraud requires a false statement of material fact made with knowledge of its falsity and intent to induce reliance. *Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985); *Palmer v. Santa Fe Healthcare Sys., Inc.*, 582 So. 2d 1234 (Fla. 1st DCA 1991). Figueroa alleges no specific false statement or intent to deceive; disagreement over compensation does not constitute fraud.

### COUNT XI: Negligent Misrepresentation

The plaintiff must allege a false statement of material fact, knowledge or constructive knowledge of falsity, intent to induce reliance, and damages. *C & J Sapp Publ'g Co. v. Tandy Corp.*, 585 So. 2d 290, 292 (Fla. 2d DCA 1991). The complaint identifies no facts showing that the defendants knew the alleged representation was false or that the defendants ought to have known of its falsity.

### COUNT XII: COBRA Violations

Section 1141 of ERISA prohibits coercive interference but provides no private cause of action. *Goins v. Teamsters Local 639*, 598 F. Supp. 1151, 1155 (D.D.C. 1984).

### Lack of Subject Matter Jurisdiction

All federal claims, including those under Title VII, the ADA, the FMLA, the Equal Pay Act, and COBRA, are dismissed for failure to state a claim. The only remaining claim is the breach-of-contract claim limited to the alleged nonpayment of RSUs valued at approximately £9,000 (about $11,700 USD). (Doc. 1-2 ¶ 99) That amount falls far below the $75,000 jurisdictional threshold for diversity jurisdiction under 28 U.S.C. § 1332(a).

## CONCLUSION

The defendants' motion to dismiss is GRANTED. Counts II, III, IV, V, VI, VII, VIII, IX, X, XI, and XII are DISMISSED WITHOUT PREJUDICE for failure to state a claim. Count I is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. No later than NOVEMBER 25, 2025, the plaintiff may amend the complaint.

## A CAUTION TO FIGUEROA

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a pro se party, in conducting an action. Therefore, Figueroa is strongly advised to obtain legal advice and assistance—preferably full representation—from a member of The Florida Bar.

To the extent she intends to continue to represent herself in this action, Figueroa should familiarize herself with both the Federal Rules of Civil Procedure at https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure and the Local Rules for the Middle District of Florida at https://www.flmd.uscourts.gov/local-rules, a copy of each of which is available in the clerk's office on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. Also, Figueroa can consult the

"Litigants Without Lawyers" guide at https://www.flmd.uscourts.gov/litigants-without-lawyers.

ORDERED in Tampa, Florida, on November 4, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE